IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00687-WYD-MEH

THE THOMPSONS FILM, LLC,

    Plaintiff,

v.

JOHN DOES 2-8,

    Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on May 29, 2013.**

    The Motion to Quash Subpoena [filed May 24, 2013; docket #21] filed by John Doe 2/5[1] is **denied without prejudice** on the following grounds.

    First, Doe 2/5 has failed to comply with Fed. R. Civ. P. 11(a). Rule 11(a) states in pertinent part,

> Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented. The paper must state the signer's address, email address, and telephone number.

From the content of the present motion, the Court infers that Doe 2/5 seeks to proceed in this litigation anonymously. However, he has failed to seek permission from the Court to do so. *See K-Beech, Inc. v. Does 1-29*, 826 F. Supp. 2d 903, 905 (W.D.N.C. 2011) (noting that a party who wishes to proceed anonymously may overcome the presumption against anonymous proceedings by filing a well-reasoned motion to proceed anonymously); *see also West Coast Prods., Inc. v. Does 1-5829*, 275 F.R.D. 9, 12 (D.D.C. 2011) ("federal courts generally allow parties to proceed anonymously only under certain special circumstances when anonymity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment"). Therefore, if Doe 2/5 wishes to re-file his motion in accordance with this order and all applicable local and federal court rules, he must first (or contemporaneously) file a motion to proceed anonymously and provide to the Court his name, address, telephone numbers and email addresses in accordance with Rule 11(a) and D.C. Colo.

---

[1] The Court observes that the Internet Protocol ("IP") addresses listed in the Motion correspond with John Doe Defendants 2 and 5 identified in Exhibit 1 to Plaintiff's Complaint. (*See* docket #1-1.) From the content of the Motion, the Court infers that both IP addresses belong to the same individual. Thus, the Court will refer to the Defendant as Doe 2/5.

LCivR 10.1K.  If Doe 2/5 wishes to keep his identifying information confidential, he may file his Signature Blocks separately, and may request that the document be maintained under Restriction Level 2 pursuant to the procedure set forth in D.C. Colo. LCivR 7.2.  The Court may strike any motion or other filing that deviates from the requirements of this order or from those set forth in the applicable local or federal rules.

Third, with respect to Doe 2/5's request to quash, no party has filed a copy of the challenged subpoena with this Court. To the extent the present motion seeks to quash or modify a subpoena issued through any district other than the District of Colorado, this Court must deny such request without prejudice.  Pursuant to Rule 45(c)(3)(A), only "*the issuing court*" may quash or modify a subpoena (emphasis added).  *See, e.g., In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998) (only the issuing court has the power to act on its subpoenas); *In re Digital Equipment Corp.*, 949 F.2d 228, 231 (8th Cir. 1991) (court in district where underlying action was pending did not have jurisdiction to rule on objections to deposition subpoenas obtained in another district).  "Subpoenas are process of the issuing court, and nothing in the rules even hints that any other court may be given the power to quash or enforce them."  *In re Sealed Case*, 141 F.3d at 341 (citations omitted). Accordingly, the court where the action is pending lacks jurisdiction to rule on subpoenas issued from other courts, unless there is a transfer or remittance of the matter from the issuing court.  *See In re Digital Equipment Corp.*, 949 F.2d at 231.

Finally, Doe 2/5 has not complied with Fed. R. Civ. P. 5(a)(1)(D) and D.C. Colo. LCivR 5.1G.  Rule 5(a)(1)(D) requires that a written motion filed with the Court must be served on every party.  Local Rule 5.1G requires, in pertinent part, that "[e]ach paper, other than one filed ex parte, shall be accompanied by a certificate of service indicating the date it was served, the name and address of the person to whom it was sent, and the manner of service."